IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                  Plaintiff,

       vs.                               Criminal Action No.
                                            3:05-MJ-201 (TJM)

DAVID J. FALSO,

                  Defendant.

_____

APPEARANCES:                    OF COUNSEL:

FOR THE GOVERNMENT:

HON. GLENN T. SUDDABY        MIROSLAV LOVRIC, ESQ.
United States Attorney            Assistant U.S. Attorney
Northern District of New York
15 Henry Street
Binghamton, New York 13901

FOR DEFENDANT:

SUBEN LAW OFFICES            MARK D. SUBEN, ESQ.
One North Main Street
3rd Floor
Cortland, New York 13045

DAVID E. PEEBLES
U. S. MAGISTRATE JUDGE

## DETENTION ORDER

Defendant David Falso is charged by superseding criminal complaint with four separate offenses, including 1) inducing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction, where the visual depiction was transported in interstate and foreign commerce; 2) traveling in foreign and interstate commerce for the purpose of engaging in illicit sexual conduct with a minor female; 3) knowingly receiving child pornography materials which have been transported in interstate and foreign commerce, including by computer; and 4) possessing of child pornography materials that have been shipped and transported in interstate and foreign commerce including by computer, in violation of 18 U.S.C. §§ 2251(a), 2423(b), 2423(c), and 2252(A)(a)(2) and (a)(5).  As a result of the government's application for pretrial detention, a bail hearing was conducted before me on June 10, 2005 to address the question of whether to release or detain the defendant.  At the conclusion of that hearing I ordered that the defendant be detained, finding that if released he would present both a risk of flight and a danger to the community, and that there is no condition or combination of conditions which can reasonably assure against those dangers.  I am issuing this written decision in order to fully set forth my

2

reasons for ordering detention, as required under 18 U.S.C. § 3142(i).

I.    BACKGROUND

According to a pretrial services report dated June 10, 2005, the defendant is sixty-four years of age and a lifetime resident of the Cortland, New York community.  The defendant is divorced and has two adult children with whom he maintains regular contact.  The defendant has two siblings, both of whom also reside in the Cortland area.

By all accounts the defendant is a successful businessman, operating two local bar/restaurant establishments in downtown Cortland, one since 1990 and the other beginning in 1994.  The defendant also appears to be financially successful, and reports having between $500,000 and $600,000 accumulated in savings and checking accounts in addition to other assets, including a home with established equity.  Up until the time of his arrest defendant possessed a passport, and had traveled extensively throughout the world including to Thailand, Cambodia, and the Philippines.

The defendant reports that he is in good physical health and has no history of alcohol or substance abuse.[1]  Defendant has some criminal

---

[1]      At the detention hearing defendant's counsel raised a question regarding his client's current health condition, citing concerns over the defendant's elevated blood pressure.  That condition, however, was not reported to pretrial services during a

history, including a 1987 conviction for endangering the welfare of a minor, resulting in three years probation, and a conviction for driving while ability impaired in 1994. According to police records, the 1987 conviction resulted from defendant's having inappropriate sexual contact with his girlfriend's seven year old daughter.

The charges in this case stem from evidence seized from Falso's home during a search on June 8, 2005, conducted pursuant to a search warrant issued by Senior District Judge Thomas J. McAvoy on June 1, 2005. That search yielded large quantities of child pornography in hard copy form, as well as the seizure of a computer which, according to Falso's admission, he used to save and store images, including video clips, of child pornography. A review by agents of the photographs seized from Falso's home revealed that at least some of them depicted Falso engaging in various sexual activity with minor females.

During the course of a subsequent interview conducted by Federal Bureau of Investigation ("FBI") agents on June 8, 2005, following the search, Falso admitted having traveled to foreign countries, including Thailand, to engage in sexual activities with young females. Defendant also discussed with agents the fact that following his 1987 conviction, he

---

recent interview.

4

recognized that he had a problem with impulses toward minor females and sought counseling, but that the counseling did not seem to resolve his issues.

II.    DISCUSSION

A.    Standard To Be Applied

The defendant in this case is charged by criminal complaint with offenses which are defined as crimes of violence. 18 U.S.C. § 3156(a)(4).  As such, the government was entitled to a detention hearing, as it requested.  18 U.S.C. § 3142(f)(1)(c); *see also United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988).

The appropriate inquiry in determining whether to detain a defendant in a case where a detention hearing is warranted includes "whether any condition or combinations of conditions of release will protect the safety of the community and reasonably assure the defendant's appearance at trial." *Friedman*, 837 F.2d at 49 (citing *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir.), *cert. dismissed*, 479 U.S. 978, 107 S. Ct. 562 (1986)); *see also* 18 U.S.C. § 3142(e); *United States v. Agnello*, 101 F. Supp.2d 108, 110 (E.D.N.Y. 2000).  When detention is based wholly or in part on a determination of dangerousness, that finding must be supported by clear and convincing evidence.  *United States v. Ferranti*, 66 F.3d 540, 542 (2d Cir.

5

1995); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991); *Agnello*,
101 F. Supp.2d at 110 (citing, *inter alia*, *Rodriguez*); *see also* 18 U.S.C. §
3142(f).  Risk of flight, on the other hand, must be evaluated using the more
relaxed preponderance of the evidence standard.  *United States v.
Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

The factors which a court must consider in deciding whether to detain
or release a defendant, and if released under what condition or combination
of conditions, are set forth in 18 U.S.C. § 3142(g).  Generally speaking, those
factors include examination of the nature and circumstances of the crime
charged, including whether the offense is a crime of violence or involves a
narcotic drug; the weight of the evidence against the defendant; and the
defendant's personal circumstances, including family and community ties,
criminal history, any indication of drug or alcohol abuse, and whether at the
time of the commission of the offense or arrest the defendant was on
probation, parole, or conditional release.  18 U.S.C. § 3142(g).  In
considering these factors at a detention hearing, the court is not bound by the
rules of evidence, and may rely, *inter alia*, upon proffer and hearsay
evidence.  *Ferranti*, 66 F.3d at 542; *Agnello*, 101 F. Supp.2d at 110; *see also*
*United States v. Lafontaine,* 210 F.3d 125, 131 (2d Cir. 2000) ("[i]t is well
established in this circuit that proffers are permissible both in the bail

determination and bail revocation contexts").

In certain types of cases, the Bail Reform Act interposes a rebuttable statutory presumption in favor of detention. 18 U.S.C. § 3142(e); *see also Mercedes*, 254 F.3d at 436. One portion of section 3142(e) presumes that no condition or combination of conditions will reasonably protect against the risk of flight and danger in cases where there is probable cause to believe that the defendant has committed an offense carrying with it a maximum term of imprisonment of ten years or more and which is drug related. 18 U.S.C. § 3142(e). This presumption stems in part from a congressional finding that narcotics violators as a group, especially those using guns in connection with illicit drug operations, are likely to flee and to engage in further criminal conduct undeterred by the pendency of charges against them. S. Rep. No. 98-225, at *19-*20 (1983), reprinted in 1984 U.S.C.C.A.N. 3182. The presumption is also a product of a finding of greater recidivism among persons charged with serious drug felonies. *Id.* When the presumption is triggered, a "strong probability arises that no form of conditional release will be adequate." *Id.*

When a statutory presumption is invoked, however, it imposes only a burden of production on the defendant; the burden of persuasion always remains with the government, which must establish dangerousness by

7

clear and convincing evidence.  *See Mercedes*, 254 F.3d at 436;

*Rodriguez*, 950 F.2d at 88; *United States v. Carter*, 916 F. Supp. 193, 195

(N.D.N.Y. 1996) (McAvoy, C.J.).  Once rebuttal evidence is adduced,

however, the presumption nonetheless continues as one of the factors to

be weighed in making the detention analysis.  *Id.*

The defendant in this case has been charged by criminal complaint

with violations of 18 U.S.C. §§ 2251(a) and 2423(b and c), 2252(A)(2) and

(a)(5).  Based upon the government's proffer, I find probable cause to

believe that the defendant has in fact committed each of those offenses.

Accordingly, a rebuttable presumption exists "that no condition or

combination of conditions will reasonably assure the appearance of [the

defendant] as required and the safety of the community[.]"  *See* 18 U.S.C.

§ 3142(e).

B.    Governing Test Applied In This Case

In its pretrial services report, the United States Probation Office  has

recommended that the defendant be detained, as representing both a risk

of flight and a danger to the community.  For the reasons outlined below, I

accept that recommendation and find that the defendant should be

detained pending trial.

1.    Risk of Flight

8

In addition to the presumption which flows from the nature of the charges lodged against the defendant, the government urges the severity of the consequences which he faces, if convicted on the pending charges, as a basis for concluding that he represents a risk of flight.

Various charges which the defendant now faces carry with them a maximum period of incarceration of thirty years.  The most serious of the offenses charged also provides for a mandatory minimum period of imprisonment of fifteen years for a first conviction.  18 U.S.C. §2251(a).  If defendant's prior conviction is viewed as having involved the sexual exploitation of children, the mandatory minimum term which the defendant faces, if convicted, will be increased to twenty-five years, with a maximum exposure of fifty.  *Id.*  Moreover, as the government points out, under the United States Sentencing Guidelines the base offense level for violation of 18 U.S.C. § 2251(a), without any enhancements, is thirty-two, meaning a person such as the defendant, with little or no criminal history, faces a suggested Guideline sentence range of between one hundred twenty-one and one hundred fifty-one months, if convicted.  Particularly to a person of defendant's age of sixty-four, these potential consequences suggest that if he is convicted the defendant may well spend the rest of life in prison.

It is true that the Second Circuit has cautioned against basing a

9

finding of risk of flight solely upon the nature and seriousness of the crime charged and, correspondingly, the extent of the potential penalty which the defendant faces. *Friedman*, 837 F.2d at 50 ("[i]n other cases concerning risk of flight, we have required more than evidence of the commission of a serious crime and the fact of a potentially long sentence to support a finding of risk of flight"); *see also United States v. Carter*, 996 F. Supp. 260, 266 (W.D.N.Y. 1998). The severity of the punishment facing the defendant is, however, a relevant factor which bears upon the risk of flight. *See United States v. Davidson*, No. 92-CR-35, 1992 WL 144641, at *6 (N.D.N.Y. June 18, 1992) (McCurn, C.J.)

As an offset to the incentive to flee based upon the severity of the potential punishment which he faces, I have considered defendant's relatively stable circumstances, including his ties to the local community and ownership of two successful businesses in the area. I find, however, that the potential term of imprisonment which the defendant faces are so severe that he has both a powerful incentive to flee and the means to finance such flight, and that these concerns significantly overshadow his ties to the local community. Accordingly, I find based upon a preponderance of the evidence that if released, the defendant would present a risk of flight or non-appearance.

2.   <u>Danger to the Community</u>

Analysis of the danger which this defendant presents to the community, if released, also begins with a statutory presumption in favor of detention.  The danger posed must also take into consideration the nature of the charges against the defendant, as well as the strength of the evidence associated with those charges.  In this case the government's evidence is strong, the offenses which he is accused of committing are crimes of violence, and the extent of defendant's unlawful activity is expansive, having spanned over the course of several years.

By all accounts, the defendant is not only a receiver and possessor of child pornography, but has acted upon his impulses to engage in sexual activity with minors both by traveling to foreign countries for that avowed purpose and, on at least one occasion, reportedly engaging in reprehensible behavior with the seven year old daughter of his girlfriend in 1987, leading to a conviction for endangering the welfare of a minor. These facts, together with defendant's admission that he has sought counseling to address urges toward minors, without success, lead me to conclude that if released into the community, he would present a grave danger, especially to one particularly vulnerable segment – its youth.

Based upon the evidence now before me, I find by clear and

11

convincing evidence that the defendant would present a significant danger to the community, if released pending trial.

### D.   Considerations Of Conditions For Release

Having found that the defendant presents both a risk of flight and a danger to the community, I must determine whether there is any condition or combination of conditions which could reasonably assure against those dangers.[2]

In this instance I cannot conceive of any circumstances that would adequately assure against the danger to which the defendant poses to the community. While the defendant has offered to post financial security, as the Second Circuit has noted, such security could perhaps suffice to address any perceived risk of flight, but cannot adequately assuage concerns regarding danger to the community. See *Ferranti*, 66 F.3d at 543; *Rodriguez*, 950 F.2d at 89.

I have considered various conditions, less restrictive than pretrial detention, which could potentially be imposed to guard against the dangers presented by the defendant, including in particular home confinement with electronic monitoring. Even under such an arrangement, however, the

_____

[2]   A list of some of the conditions available under the Act is set forth in 18 U.S.C. § 3142(c).

defendant would undoubtedly be allowed outside of the home at times without supervision, including while at work.  In my view such condition would not adequately protect the potential young victims from the defendant's conduct.   Accordingly I find that there are no conditions short of pretrial detention that could both adequately insure the defendant's presence in court and protect the community from the danger presented by him, if released.

III.    SUMMARY AND CONCLUSION

Application of the factors enunciated in the Bail Reform Act to the facts now before the court amply demonstrates the existence of both a risk of flight and danger to the community, should defendant be released, and that there are no conditions that I can impose which would reasonably assure against those dangers.  Accordingly, it is therefore

ORDERED, that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a United States Court or on request of a Government attorney, the person in charge of the corrections facility shall

deliver the defendant to the United States Marshal for the purpose of an

appearance in connection with a court proceeding.


David E. Peebles
U.S. Magistrate Judge

Dated:       June 16, 2005
             Syracuse, NY