

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

V.

DAVID FALSO,

05-CR-270
[TJM]

DEFENDANT.

---

## IN SUPPORT OF SPEEDY TRIAL EXCLUSION

**Miroslav Lovric** states as follows:

1. I am an Assistant United States Attorney in the Northern District of New York and in charge of the prosecution of Indictment number **05-CR-270**. In addition, I am familiar with all the facts in this case, as well as, all facts and circumstances which support this request for the Court to exclude **90** days from the otherwise applicable time requirements of the Speedy Trial Act, under Title 18, United States Code, Section 3161 et seq. For the reasons articulated in this motion, with the joint application of the defendant, and pursuant to the provisions of Title 18, U.S.C., Section 3161(h)(8)(A)&(B) the ends of justice served by the exclusion of a period of **90 days** outweigh the interest of the public, the defendant, and the government in a speedy trial, within the meaning of Title 18, United States Code, Section 3161(h)(8)(A)&(B).  Absent the exclusion period sought in this case, defendant and the government would be denied the reasonable time necessary for effective case preparation and thorough discovery, taking into account due diligence, including making the most informed decision possible as to the

advisability of entering into a plea agreement.

  2. In the current indictment, defendant Falso has been charged with 242 counts relating to child pornography, production of child pornography, traveling to engage in sex with minors, and other offenses. This indictment covers a period of approximately 5 years worth of conduct. Discovery has been provided and also made available to defendant and it is still being reviewed and analyzed by the defense. Additional discovery will be provided once the forensic examination of defendant's computer is completed.

  3. This case by its nature is unusual and complex pursuant to Title 18, U.S.C., section 3161, in that, the 242 charges relate to conduct occurring over a period of several years and conduct which included travel to multiple foreign countries.

  4. The defense is in the process of reviewing and digesting the voluminous discovery material already made available to the defense. The defense is also contemplating having defendant examined by a professional/expert as it may relate to issues of mitigation.

  5. Defendant joins in this application as indicated by defense counsel's signature below.

  6. Accordingly, it is requested that a period of **90 days** applicable to Indictment 05-CR-270, **beginning from the date of this Order**, shall be excluded from the otherwise applicable time provisions of the Speedy Trial Act (Title 18, United States Code, Section 3161 et seq.), based upon these facts and pursuant to the provisions of Title 18, U.S.C., Section 3161(h)(8)(A)&(B), in that the ends of justice served by the recommended exclusionary period outweigh the interest of the public, the defendant, and the government in a speedy trial, within the meaning of Title 18, United States Code, Section 3161(h)(8)(A)&(B); and, absent the exclusionary period, the defendant and the government would be denied the reasonable time

necessary for effective preparation, taking into account due diligence, including making the most informed decision possible as to the advisability of entering a plea of guilty.

Respectfully submitted,

GLENN T. SUDDABY
UNITED STATES ATTORNEY

DATED: July 20, 2005       BY: _____
                               Miroslav Lovric
                               ASSISTANT U.S. ATTORNEY

CONSENTED AND AGREED TO BY: _____
                             Mark D. Suben
                             ATTORNEY FOR DEFENDANT
                             BAR Roll No. 507807

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

V.

DAVID FALSO,

05-CR-270
[TJM]

DEFENDANT.

## FINDINGS OF FACT AND ORDER OF THE COURT EXCLUDING TIME

The Court, having reviewed the application of Assistant U.S. Attorney Miroslav Lovric, hereby makes the following findings of fact and does hereby **Order** the following based upon those findings and the facts presented in the application of Assistant U.S. Attorney Miroslav Lovric, pursuant to the provisions of Title 18, U.S.C., Sections 3161(h)(8)(A)&(B).

**THE COURT FINDS THAT:**

1. For the reasons articulated in this motion and pursuant to the provisions of Title 18, U.S.C., Section 3161(h)(8)(A)&(B) the ends of justice served by the exclusion of a period of **90 days** outweigh the interest of the public, the defendant, and the government in a speedy trial, within the meaning of Title 18, United States Code, Section 3161(h)(8)(A)&(B). Absent the exclusion period sought in this case of **90 days**, the defendant and the government would be denied the reasonable time necessary for effective case preparation, taking into account due diligence, including making the most informed decision possible as to the advisability of entering into a plea agreement.

1

2. Absent the exclusion period sought in this case of **90 days**, the defendant and the government would be denied the reasonable time necessary for effective case preparation and thorough discovery, taking into account due diligence, including making the most informed decision possible as to the advisability of entering into a plea agreement.

3. In the current indictment, defendant Falso has been charged with 242 counts relating to child pornography, production of child pornography, traveling to engage in sex with minors, and other offenses. This indictment covers a period of approximately 5 years worth of conduct. Discovery has been provided and also made available to defendant and it is still being reviewed and analyzed by the defense. Additional discovery will be provided once the forensic examination of defendant's computer is completed.

4. This case by its nature is unusual and complex pursuant to Title 18, U.S.C., section 3161, in that, the 242 charges relate to conduct occurring over a period of several years and conduct which included travel to multiple foreign countries.

5. The defense is in the process of reviewing and digesting the voluminous discovery material already made available to the defense. The defense is also contemplating having defendant examined by a professional/expert as it may relate to issues of mitigation.

6. Defendant joins in this application.

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

A period of **90 days** applicable to Indictment 05-CR-270, **beginning from the date of this order,** shall be excluded from the otherwise applicable time provisions of the Speedy Trial Act (Title 18, United States Code, Section 3161 et seq.), based upon the findings of fact set forth

herein and in the application of Assistant U.S. Attorney Miroslav Lovric, all pursuant to Title 18, United States Code, sections 3161(h)(8)(A)&(B)

### AS TO INDICTMENT 05-CR-270:

A. Defense Motions shall be filed on: __11/2/05__

B. The government's response papers shall be filed on: __11/18/05__

C. The motions are returnable on __12/12/05__, at the Federal Courthouse in Albany, ~~Binghamton~~, New York at 10:00A.M.

D. The trial in this matter is scheduled for and shall commence on __11/28/05__, at the Federal Courthouse in Binghamton, New York at ~~9:00~~ 10:00 A.M.

DATED: July __21__, 2005

_____
THOMAS J. MCAVOY
Senior Judge, United States District Court
Northern District of New York