UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
———————————————————

UNITED STATES OF AMERICA,

        vs.

DAVID J. FALSO,

                Defendant.

———————————————————
———————————————————

3:05-CR-270 (TJM/DEP)

**REPLY MEMORANDUM OF DEFENDANT,**
**DAVID J. FALSO**

Respectfully submitted by:

THOMAS A. SAITTA, ESQ.
Fed. Bar Roll #102510
Attorney for Defendant, David J. Falso
46 Front Street
Binghamton, New York 13905
(607) 722-3495

BRUCE R. BRYAN, ESQ.
Attorney for Defendant, David J. Falso
333 E. Onondaga Street
Syracuse, N.Y. 13202
(315) 476-1800

## TABLE OF CONTENTS

POINT I: THE GOVERNMENT NOW APPEARS TO ADMIT THAT MR.
    FALSO WAS NOT A SUBSCRIBER TO THE WEBSITE . . . . . . . . .   2


CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

i

TABLE OF AUTHORITIES
Cases

Page

*Giorbenello v. United States,* 357 U.S. 480 (1958)............................   1

*Illinois v. Gates*, 462 U.S. 213 (1983).................................................   1

*Ornelas v. United States,* 517 U.S. 690 (1996)...................................   3

<u>*Reill United States v. y*</u>, 76 F.3d 1271 (2d Cir. 1996).........................   4

*Rivera v. United States,* 928 F.2d 592 (2d Cir. 1992)........................   5

*United States v. Coreas*, 419 F.3d 151 (2d Cir. 2005).......................   1, 7

*United States v. George,* 975 F.2d 72 (2d Cir. 1992)........................   6

*United States v. Gourde*, 381 F.3d 1003  (9th Cir. 2004).....................   7

*United States v. Leon*, 468 U.S. 897 (1984) .......................................   4, 5

*United States v. Lifshitz*, 369 F.3d 173 (2d Cir. 2004)........................   3

*United States v. Martin*, 418 F.3d 148 (2d Cir. 2005)..........................   1,2

*United States v. Moore*, 968 F.2d 216 (2d Cir. 1992) ........................   4, 6

*United States v. Moran*, 349 F. Supp. 2d 425, 477 (NDNY, 2005) .....   6

*United States v. Perez*, 247 F.Supp.2d 459 (S.D.N.Y. 2003)..............   6

*United States v. Reilly*, 76 F.3d 1271 (2d Cir. 1996) ..........................   4, 5

*United States v. Strauser,* 247 F. Supp. 2d 1135, 1142 (E. D. Mo. 2003)..   7

*United States v. Wapnick,* 60 F. 3d 948 (2d Cir. 1995)...........................   5

<u>**POINT I**</u>

**THE GOVERNMENT NOW APPEARS
TO ADMIT THAT MR. FALSO WAS NOT
A SUBSCRIBER TO THE WEBSITE**

The Government now appears to concede that it did not have evidence that Mr. Falso was a subscriber to the pornographic website.  (See Government Response at pp. 28-29, wherein it enumerates the factual basis for its application but fails to state that it had any evidence that Mr. Falso was a subscriber.) Without such evidence, there never existed probable cause.  *See, <u>United States v. Martin</u>*, 418 F.3d 148 (2d Cir. 2005); <u>*United States v. Coreas*</u>, 419 F.3d 151 (2d Cir. 2005). Such admission also demonstrates that the supporting affidavit was, at the very least, recklessly misleading.

Any fair reading of the application conveys the impression that Mr. Falso was a subscriber to the website.  Specifically, the affidavit clearly stated: "Pursuant to a review of the subpoenaed records, the following subscriber information (among others) was associated with the <u>www.cpfreedom.com</u> website: David J. Falso, 20 Peaceful Drive, Cortland, New York, Yahoo User ID: <u>cousy 1731 @ Yahoo.com</u>."  (Lyon's Affidavit, Para. 31).  The foregoing statement was, at the very least, recklessly misleading, as it implies incorrectly, that Mr. Falso was a subscriber to the website in question.

The fact that Mr. Falso was not a subscriber to the website is critical to a determination of whether there was probable cause to search Mr. Falso's home. To search the home, the Government was required to provide particularized facts demonstrating a reasonable suspicion that evidence of a crime was in the home. *See Illinois v. Gates,* 462 U.S. 213, 239 (1983); *Giorbenello v. United States,* 357 U.S. 480,

1

485-86 (1958). Here, probable cause was based on the claim that Mr. Falso had downloaded child pornography from the website and that therefore such pornography would likely be found in his home. To infer that he had downloaded pornography, evidence that he was a subscriber to the website was absolutely necessary. See United States v Martin, 418 F. 3d 148 (2d Cir. 2005).  Mere contact with the website, such as visiting the introductory webpage, is insufficient because it does not supply the necessary factual basis to establish a reasonable suspicion that Mr. Falso had downloaded child pornography from the website. Typically, a person must be a subscriber to download images. See Id. Here, the Government appears to concede that Mr. Falso was not a subscriber, despite the statement in the supporting affidavit to the contrary.

Furthermore, the Government's Response fails to come forward with particularized facts to substantiate the conclusory statement in the supporting affidavit that Mr. Falso "either gained access or attempted to gain access to the website." (Lyon's Affidavit, para. 31). Although contact alone is insufficient, thus far there does not appear to be any evidence to substantiate such contact. Rather, it appears that the sole evidence that the Government possessed was that Mr. Falso's e-mail address was found on the website. As stated by Mr. Falso's computer expert, "the fact that the Defendant's e-mail address appeared on the aforementioned website does not mean that he contacted or attempted to contact that site."  (DeCicco Affidavit, Para. 13).  Mr. DeCicco explained that "[it] is common practice for websites to obtain lists of e-mail addresses from other sources, including other websites, for business purposes, and to send unsolicited e-mail to such addresses."  Id.  For example, the child pornography

2

website could have obtained Mr. Falso's e-mail address from a list generated by a legal website that Mr. Falso had contacted or to which he had responded.

Any person understands the problem with unsolicited e-mails. Every person with a computer is daily bombarded with such solicitations. Often, solicitations are from websites having illegal intentions. The fact that Mr. Falso's e-mail address was found on the website tells nothing about whether Mr. Falso had initiated contact with the website. Without more, any claim that he initiated contact is speculative. Importantly, such a claim cannot be represented as established fact. Therefore, the statement that Mr. Falso had "gained access or attempted to gain access" to the website at present appears to be, at the very least, recklessly misleading.

The Government's Response also fails to provide this Court with precedent demonstrating that Mr. Falso's prior conviction and police reports relating to that conviction may supply probable cause that is otherwise lacking. Rather, the Second Circuit has expressly rejected such contention. *See, United States v. Lifshitz*, 369 F.3d 173 (2d Cir. 2004). To establish probable cause, "it is not enough to suspect that someone has committed a particular crime only because of a prior criminal conviction." Id. at 188. Furthermore, a person's prior criminal conduct has little weight when determining whether there exists probable cause for the commission of a new crime. See id. "The principal components of a determination of…probable cause will be the events which occur leading up to the" search. *Ornelas v. United States,* 517 U.S. 690, 696 (1996).

3

Moreover, Mr. Falso's prior misdemeanor conviction is 18 years old. Due to its remoteness in time, it has very little present probative value. (A conviction more than 10 years old may not be used for impeachment purposes because it lacks probative value).

The Government's attempted reliance on the "good faith" exception lacks merit. "[T]he good faith exception requires a sincerely held and objectively reasonable belief that the warrant is based on a valid application of the law to all the known facts." <u>Reill United States v. y</u>, 76 F.3d 1271, 1273 (2d Cir. 1996). The good faith exception "is not a magic lamp for [law enforcement] officers to rub whenever they find themselves in trouble" with an invalid warrant. <u>Id</u>. at 1280. "A warrant is not a general hunting license, nor is it a mantle of omnipotence, which cloaks its holder in the King's power to 'do no wrong.'" <u>Id</u>. at 1273. "Good faith is not a blanket excuse for any police behavior." <u>Id</u>.

The good faith exception does not apply: (1) when the issuing magistrate or judge has been knowingly or recklessly mislead; or (2) when the affidavit is so lacking in the indicia of probable cause as to render reliance upon it unreasonable.  *See, <u>United States v. Reilly</u>*, 76 F.3d 1271, 1280-81 (2d Cir. 1996) (judge knowingly or recklessly misled); <u>United States v. Leon</u>, 468 U.S. 897, 923 (1984); <u>United States v. Moore</u>, 968 F.2d 216, 222 (2d Cir. 1992).  In the case at bar, the foregoing circumstances occurred.

As discussed above, the application, at the very least, was recklessly misleading with regard to representations that were critical to a determination of probable case. At its core, all that the Government had was an apparently unexplainable e-mail address and an 18 year old misdemeanor conviction. However, the affidavit expressed and implied that the affiant had much more; ie: proof through its investigation that Mr. Falso

4

was a subscriber to the website in question.  Absent this unsupported allegation, there was insufficient evidence to support the warrant.

"[I]t is no excuse if the [law enforcement officer is] not frank with the [Court] in the proceedings to obtain the warrant – proceedings that are typically *ex parte."* *Reilly,* 76 F.3d at 1273. Nor is there an excuse for an affidavit that is "almost calculated to mislead." Id. at 1280. The deference accorded to a judge's finding of probable cause "does not preclude inquiry into the knowing or reckless falsity of the affidavit on which that determination was based." United States v. Leon, 468 U.S. 897, 914 (1984).

In determining knowing and reckless falsity, it is necessary not only to consider the representations of the affiant but also the statements of any officer who supplied the information that was used to determine probable cause. Id. at 923 n. 24; United States v. Wapnick, 60 F. 3d 948, 956 (2d Cir. 1995).  Recklessness may be inferred when omitted information was critical to assessing the legality of the search. Rivera v. United States, 928 F.2d 592, 604 (2d Cir. 1991). The good faith exception also does not apply to searches by officers "who fail to provide all potentially adverse information to the issuing judge…." *Reilly,* 76 F.3d at 1280. To be acting in good faith, an officer must have objectively "reasonable grounds for believing that the warrant was properly issued." *Leon,* 468 U.S. at 992-93. An officer has no such grounds "[i]f the magistrate or judge issuing the warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth." Id.

The good faith exception also does not apply to the case at bar because the supporting affidavit was so lacking in the indicia of probable cause as to render reliance

5

on it unreasonable. The Government's position is problematic. It now appears that law enforcement did not have evidence that Mr. Falso was a subscriber. Yet the Government argues that the application's language to the contrary was not misleading. (On the issue of whether this Court was misled, the statements in the supporting affidavit speak for themselves).

However, upon the Government admitting that the affiant lacked critical evidence supporting probable cause, it would have been unreasonable for law enforcement to rely on such an affidavit. No reasonably well-trained officer would have relied on a warrant supported by affidavit having as its only factual basis an apparently unexplainable e-mail address and an 18 year old misdemeanor conviction. *See Moore,* 928 F.2d at 222 (test for objective good faith is "whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization."); _United States v. Moran,_ 349 F. Supp. 2d 425, 477 (NDNY, 2005) (good faith exception did not apply where "there were no facts from which an inference could be drawn that evidence [of the crime] would be found in the…residence."). *See also* _United States v. George,_ 975 F.2d 72 (2d Cir. 1992) (no reasonably well trained officer could have relied in good faith on search warrant's broad authorization to search for "any other evidence relating to the commission of a crime.").

In cases involving search warrants for internet child pornography, where suppression was sought based on far less critical statements made in supporting affidavits, courts have suppressed the evidence and refused to apply the good faith exception. *See* _United States v. Perez,_ 247 F. Supp. 2d 459, 479-80 (S.D.N.Y. 2003) (good faith exception did not apply to knowing or reckless statement in supporting

6

affidavit that members of e-group "automatically" received e-mails from other members of the child pornography website where members could opt out); _United States v. Strauser,_ 247 F. Supp. 2d 1135, 1142 (E. D. Mo. 2003) (same). At a very minimum, an evidentiary hearing is necessary to resolve such issues. *See* _Id. Accord,_ _United States v. Coreas,_ 419 F. 3d 151 (2d Cir. 2005).

The need to combat child pornography is not in dispute. Nonetheless, it is the nature of the crime that can place Fourth Amendment rights at risk. "Child pornography is so repulsive a crime that those entrusted to root it out may, in their zeal, be tempted to bend or even break the rules." _United States v. Coreas,_ 419 F.3d 151 (2d Cir. 2005). The Second Circuit has warned that "[i]f they do so, however, they endanger the freedom of all of us." Id. Moreover, it was not necessary to proceed in the manner elected by the agents herein. "Once [the agents] identified a website as containing illegal pictures, [they] could have monitored the traffic to that website and ascertained which [individuals] actually downloaded pornography." Id. at 158. *See* _United States v. Gourde,_ 382 F. 3d 1003, 1012 (9th Cir. 2004). In such way, the risk of searches of the homes of innocent citizens would have been reduced and the requirements of the Fourth Amendment would have been met.

## CONCLUSION

Based on the foregoing, the evidence seized from Mr. Falso's home should be suppressed and the Indictment should be dismissed. Alternatively, a *Franks* and Suppression Hearing should be held to resolve factual issues that should be determined.

7

Dated: January 22, 2006
      Binghamton, NY

Respectfully submitted by:

s/"Thomas A. Saitta, Esq."
THOMAS A. SAITTA, ESQ.
Federal Bar Roll Number 102510
Attorney for Defendant, David Falso
46 Front Street
Binghamton, New York 13905
(607) 722-3495

s/"Bruce R. Bryan, Esq.
BRUCE R. BRYAN, ESQ.
Attorney for Defendant, David J. Falso
333 E. Onondaga Street
Syracuse, N.Y. 13202
(315) 476-1800

8